**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 06-22147-CIV-KING**

| | |
|---|---|
| FEDERATED DEPARTMENT STORES, INC., | ) |
| *Plaintiff,* | ) |
| v. | ) |
| FEDERATED DEPARTMENT STORES INSURANCE CO., INC., | ) |
| *Defendant.* | ) |

**PLAINTIFF FEDERATED DEPARTMENT STORES' MOTION IN LIMINE TO EXCLUDE JS HELD VIDEOS**

Plaintiff Federated Department Stores, Inc. moves to exclude digital video recordings of the Big Three Stores created by JS Held, the Defendant Insurance Company's construction cost estimating consultant, five months after Hurricane Wilma damaged the Big Three Stores in this case and after substantial repairs had taken place. The JS Held videos are not fair representations of the stores following Hurricane Wilma because they depict the properties in substantially improved conditions. In addition, the videos include biased voice narration and constitute inadmissible hearsay. The Court should exclude the videos as irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 402 and 403. In addition, the Court should exclude the videos as hearsay under Federal Rules of Evidence 801, 803 and 804.

Hurricane Wilma occurred on October 24, 2005. The Insurance Company's adjuster inspected the stores on multiple occasions immediately after Hurricane Wilma, including on October 26-27, 2005, and again in November 2005 and January 2006. See Ex. E (Nov. 28, 2007 Interrog. Resp.) at No. 7. JS Held also inspected the Big Three Stores on multiple occasions

shortly after Hurricane Wilma, including on November 14-18 and 28, 2005, December 1-2 and 6-8, 2005 and again from February 27 through March 2, 2006. Id. Other consultants for the Insurance Company performed weeks of inspections in December 2005 and January 2006. Id. It was not, however, until March 21-22, 2006, five months after Hurricane Wilma, that JS Held decided to create the videos in question.[1] The videos were filmed at the Big Three Stores in South Florida – the Falls, Galleria, and Plantation stores. Nathan Johnson of JS Held, filmed the properties and provided voice narration.

The condition of the stores as recorded on the videos is improved significantly from the condition of the stores after the storm. At the time of filming on March 21-22, 2006, damaged merchandise and damaged building materials had been removed. Drying had been completed, and demolition and rebuilding had already begun. Mr. Johnson's voice narration itself acknowledges remediation efforts then underway. For example, the narration acknowledges: (1) demolition and repairs are ongoing; (2) it is not clear to Mr. Johnson whether missing ceiling tiles, drywall, and carpet are a result of the remediation or not; and (3) Mr. Johnson is uncertain about when some repairs took place. In addition, the videos are confusing. It is difficult to tell from the videos which parts of which store are being filmed at any given moment and the basis for the selection and order of taping.

---

[1] The Insurance Company produced the videos on four DVDs (HELD-006455 - 6458). Excerpts from transcripts of the voice narration are attached as Exhibit A (HELD-006455), Ex. B (HELD-006456), Ex. C (HELD-006457), and Ex. D (HELD-006458). If the Court would like to review the entire transcripts or the videos, Federated Stores will promptly provide copies to the Court.

## I. THE VIDEOS ARE IRRELEVANT AND UNFAIRLY PREJUDICIAL PURSUANT TO FEDERAL RULES OF EVIDENCE 401, 402, AND 403.

### A. The Videos are Irrelevant and Should be Excluded.

It is well established that photographs and videos taken under materially improved conditions are not relevant. See Fisher v. ARC Housing, LLC, No. 04-61389, 2005 WL 5956614, at *2-3 (S.D.Fla. Dec. 22, 2005) (excluding photographs not depicting property as existing at time of accident); Holbrook v. Norfolk S. Rwy. Co., 414 F.3d 739, 745-46 (7th Cir. 2005) (same); Freightways, Inc. v. Stafford, 217 F.2d 831, 837 (8th Cir. 1955) (photographs taken under materially different conditions entitled to "no probative force"); Chicago St. P., M&O Ry. Co. v. Rorvig, 217 F. 953, 955-56 (8th Cir. 1914) (proper to exclude photographs taken after an accident when the alleged cause of the accident, ice, had disappeared). For example, in Rorvig, the Eighth Circuit upheld exclusion of photographs of an accident scene because the photographs were taken after the ice that allegedly caused the accident had disappeared. 217 F. at 955-56.

The JS Held videos similarly depict conditions at the stores that are materially improved from the conditions at the stores after Hurricane Wilma struck. The videos were filmed on March 21-22, 2006 – five months after the hurricane – and, more importantly, *after repairs and remediation had begun*.

The voice narration itself acknowledges improved conditions since previous visits to the property. For example, the narrator states "[i]t is apparent that they are moving forward with demolition on this building," Ex. A at ¶6; "remediation [] has taken place with drywall and possibly ceiling tile as well," Ex. D at ¶1; and "[s]caffolding has been erected [which was] not present during our previous visits" and "appear[s] to be set up for demolition of the ceilings," id. at ¶29. The narrator points out that materials and debris have been removed. See, e.g., Ex. C at

¶40 ("quite a bit of drywall ceiling," lighting fixtures and carpet have been removed). He acknowledges visual evidence of demolition, pointing out, for example, "[i]f we look, we will see demo is well under way on this floor." Ex. D at ¶54. The narrator makes repeated references to visible evidence of demolition, remediation and repair, including references to ongoing "demolition," "inspection holes" and "inspection cuts," "patching," and "remediation efforts." See, e.g., Ex. A at ¶41 ("Once again noticing *inspection holes*."); Ex. D at ¶48 ("There has been made *inspection cuts* into the walls."); Ex. C at ¶38 ("It appears since our last visit that many things have been moved. Certainly no *demolition* was started upon our last visits.") (emphases added). What the videos show, and what the narrator describes, is a construction site, not the properties in their state after Hurricane Wilma. The videos therefore lack probative force.

**B. The Videos are Unfairly Prejudicial and Should be Excluded.**

The videos also should be excluded because any minimal probative value they have concerning the condition of the properties is substantially outweighed by their prejudicial effect. Otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Courts routinely exclude photographs and videotapes with the potential to mislead the jury. See Croxton v. Duke Power Co., 181 F.2d 306, 308-09 (4th Cir. 1950) (upholding district court's exclusion of photographs as misleading and prejudicial); Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1329-31 (5th Cir. 1996) (affirming district court's exclusion of videotape of forklift model that was "confusing and highly prejudicial" under Daubert and Rule 403; quoting district court comment that "Because we are dealing with a videotape, the court has to take into consideration that this evidence could be very powerful to the jury. . . ."); Roland v. Langlois, No.

87-C-5726, WL 70834 (N.D. Ill. May 10, 1990) (photographs showing post-accident remediation inadmissible as prejudicial and misleading under Rule 403).

In Croxton (cited favorably by Judge Cohn in Fisher, 2005 WL 5956614, at *2-3), the Fourth Circuit affirmed the district court's exclusion of photographs in a wrongful death action against a power company because the photographs were taken two months after the incident and showed electrical wires in a different location. Id. at 307-08. The introduction of the evidence showing the changed property would have been "misleading" and "prejudicial to the defendant." Id. at 308-09.

Here, a central issue is the extent of property damage resulting from Hurricane Wilma. Videos showing the properties *after repairs and remediation* had begun, which depict the properties in a materially improved condition than after the hurricane, will impermissibly suggest limited damage.

Other problems plague the videos making them unfairly prejudicial. The videos will confuse and mislead the jury about what changes are due to remediation efforts. Even the consultant providing the voice narration impermissibly speculates ad nauseum about results of remediation versus results of the hurricane or other causes:

- "All of those [panels in the upper glass atrium] either blew out during Hurricane Wilma or were removed at a later date." Ex. A at ¶7.
- "Many ceiling tiles are missing in this area. It is unclear if this was done because of remediation." Ex. B at ¶18.
- "It is important to note that upon our first visits the area of influence of the water damage from the storm and wind damage appear[ed] to be only within a forty foot area of the center section of the building approximately. Now, of course, the damage extends beyond that because of demolition. . . ." Ex. D at ¶25.
- "There are some signs along the wall of water intrusion. Although very, very minor, it is uncertain as to what this is from." Ex. A at ¶42.

The narrator admits on multiple occasions that conditions on the videos are improved from earlier visits to the properties which, apparently, he never filmed. See, e.g., Ex. D at ¶61 ("We did visualize some staining there on our first visit."); Ex. A at ¶11 ("This [plastic] Visqueen was applied prior to our visit in November 2005."); Id. at ¶21 ("It is important to note that the store has underwent some changes on this floor since our first visit in 2005."). The Insurance Company should not be allowed to benefit from its tardiness and present prejudicial evidence regarding the improved condition of the properties five months after Hurricane Wilma merely because it failed to document the conditions of the properties during earlier inspections.

In addition, the selection and order of presentation on the JS Held videos is confusing and misleading. "The fact that the filming was selective may be the basis for exclusion if the court feels that the discontinuity destroys the probative value of the film." Grimes v. Employers Mut. Liability Ins. Co. of Wisconsin, 73 F.R.D. 607, 610 (D.Alaska 1977). It is not always clear at which property, or in which area of the property, the filming is taking place. In addition, the way the film has been spliced and produced on four DVDs is confusing. It appears that the DVD labeled HELD-006455 (Ex. A) includes filming at the Galleria store; however, it is unclear what store is filmed on HELD-006458 (Ex. D) and the narration on HELD-006456 (Ex. B) and HELD-006457 (Ex. C) identifies the locations for the Plantation and Falls stores, respectively, midway through the DVD. See Ex. B. at ¶¶ 22-23; Ex. C. at ¶¶ 24-25. However, it is unclear which property is being filmed at the beginning and end of those DVDs.

For these reasons, the Insurance Company cannot sufficiently authenticate the videos. See Fed. R. Evid. 901; United States v. Duncan, 166 Fed. Appx. 464, 466 (11th Cir. 2006) ("[I]n order to introduce a videotape at trial, the [proponent] must establish the recording 'is an accurate reproduction of relevant sounds previously audited by a witness'" and "carries the burden of establishing . . . the absence of material deletions, additions, or alterations in the

relevant portions of the recording.") (quoting United States v. Biggins, 551 F.2d 64, 66 (5th Cir.1977)).[2] Here, based on the confusing presentation of the stores and the fact that different DVDs appear to show portions of filming from different stores, it appears that the videos have been significantly altered since filming occurred. Material deletions and alterations are grounds for exclusion.

Showing the videos would waste court time with the presentation of confusing and misleading video evidence. Moreover, because the videos show the stores in substantially improved condition, months after Hurricane Wilma, and after demolition, remediation, and repairs have begun, the videos will taint the jury's consideration and unfairly prejudice Federated Stores in its proof of the damage caused by Hurricane Wilma. The videos should be excluded as irrelevant and unduly prejudicial.

## II. THE VIDEOS ARE INADMISSIBLE HEARSAY PURSUANT TO FEDERAL RULES OF EVIDENCE 801, 803, AND 804.

In addition to being irrelevant, unfairly prejudicial, and incapable of authentication, the videos include voice narration by Nathan Johnson of JS Held, the Insurance Company's construction cost estimating consultant. This voice narration makes the videos inadmissible hearsay because the narration is a series of out-of-court statements made by Mr. Johnson offered to prove the truth of the matters asserted. See Fed. R. Evid. 801(c) (hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted") and 802. "In general a videotape offered to prove the truth of the matter asserted constitutes inadmissible hearsay." Sprynczynatyk v. General Motors Corp., 771 F.2d 1112, 1117 (8th Cir. 1985) (citations omitted). Courts, therefore, routinely

---

[2] The Biggins standard has been followed in civil cases in the Eleventh Circuit. See, e.g., KMS Rest. Corp. v. Wendy's Int'l, Inc., 194 Fed. Appx. 591, 599 (11th Cir. 2006); McDowell v. Wal-Mart Stores, Inc., No. 3:05cv435, 2006 WL 3498139, at *2 (N.D.Fla. Dec. 4, 2006).

exclude video and audio recordings. See, e.g., Worsham v. Provident Companies, Inc., 249 F.Supp.2d 1325, 1336 (N.D.Ga. 2002) (videos and transcripts of television broadcasts were inadmissible hearsay); Vallot v. Central Gulf Lines, Inc., 641 F.2d 347, 351 (5th Cir. 1981) (audio tape recording was "clearly hearsay inadmissible under Fed.R.Evid. 802").

Here, the videos, which include Mr. Johnson's running commentary describing the conditions of the stores, and his hypothesized causes for the damage, constitute classic hearsay evidence. The Insurance Company seeks to admit the statements to establish the truth of what is asserted – the conditions of the properties and the possible causes of those conditions. The videos should, therefore, be excluded.

Moreover, none of the exceptions to the hearsay rule applies to the videos. See Fed. R. Evid. 803 and 804. For example, the videos are not business records of regularly conducted activities because they were created by an outside consultant in anticipation of litigation. See Fed. R. Evid. 803(6); see also Harrington v. Disney Regional Enter., Inc., No. 06-12226, 2007 WL 3036873, at *6 (11th Cir. Oct. 19, 2007) (report and notes created by outside consultants in the course of investigation did not fall under the hearsay exception for business records). Other exceptions to the hearsay rule are similarly unavailing.

## III. CONCLUSION

The Court should exclude the JS Held videos created by Nathan Johnson on March 21-22, 2006 – five months after Hurricane Wilma and after repairs and remediation efforts had begun on the properties – because they are irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 402, and 403. In addition, the videos are hearsay under Federal Rules of Evidence 801, 803, and 804. Allowing the videos to be shown to the jury would unfairly prejudice Federated Stores and taint beyond repair the jury's consideration of a key issue in the case – the extent of damage to the properties caused by Hurricane Wilma.

Respectfully submitted,

/s/ Marcos Daniel Jiménez

Marcos Daniel Jiménez
Fla. Bar. No. 441503
KENNY NACHWALTER, P.A.
201 South Biscayne Blvd.
1100 Miami Center
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861
Email: mjimenez@kennynachwalter.com

J.W. Montgomery, III
John E. Iole
Neelie Simmons
Rebekah B. Kcehowski
JONES DAY
500 Grant Street, Suite 3100
Pittsburgh, PA 15219-2502
Telephone: (412) 391-3939
Facsimile: (412) 394-7959
E-mail: jwmontgomery@jonesday.com
jeiole@jonesday.com
nssimmons@jonesday.com
rbkcehowski@jonesday.com

***Counsel for Plaintiff Federated Department Stores, Inc.***

Dated: February 5, 2008

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

I hereby certify that the parties engaged in a good faith effort to resolve the issues raised by this motion, but the parties were unable to reach an amicable resolution of the issues.

/s/ Marcos Daniel Jiménez

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Marcos Daniel Jiménez